UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 1:16-cv-1428 |
| v. | ) |
| **ATHENEON INCORPORATED**, An Ohio corporation for profit, | ) Judge: Janet T. Neff |
| *And* | ) |
| **SHIV SHAKTI LODGING, LLC.**, a Michigan limited liability company | ) |
| Defendant. | |

## **AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendants **ATHENEON INCORPORATED** and **SHIV SHAKTI LODGING, LLC.** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## **JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which

governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **ATHENEON INCORPORATED**, upon information and belief, previously owned at times relevant to the Compliant, and **SHIV SHAKTI LODGING, LLC.** currently operates and owns a Travelodge Grand Rapids located at 65 28th St SW, Grand Rapids, MI 49548 in Kent County. Plaintiff has patronized Defendants' hotel and business as an overnight guest previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **SHIV SHAKTI LODGING, LLC.** and formerly owned by **ATHENEON INCORPORATED** are non-compliant with the remedial provisions of the ADA. As Defendants own, lease, lease to, or operate a place of

        public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. On or about June 10, 2016, Plaintiff visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community in western Michigan. Leland Foster travels to the area to participate in adaptive sporting, has friends in the area whom he socializes with regularly, and frequents many establishments in the Kent County region and has been a customer and stayed as an overnight guest at the property that forms the basis of this lawsuit. The occasion of Plaintiff Foster's overnight stay on this date was to participate in the Diemer Run & Mobility 5k event being held locally. During the Plaintiff's stay on the night of June 10, 2016, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

9. Completely independent of the personal desire to have access to this place of public

accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as an overnight guest and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the

ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

11. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12. The Defendants have discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of **Travelodge Grand Rapids**, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

A. No accessible route from the parking lot to the hotel due to cracks or changes in level in excess of ¼ inch and a route that requires patrons to dangerously pass behind other vehicle spaces, in violation of the ADA whose remedy is readily achievable.

B. There are no van accessible designated parking spaces, in violation of the ADA whose remedy is readily achievable.

C. The designated accessible parking spaces contain non-compliant signage, in violation of the ADA whose remedy is readily achievable.

D. The is no required level landing at the doorway entrance to the lobby in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

E. There are amenities located outside the designated accessible reach range in the breakfast dining area in violation of the ADA whose remedy is readily achievable.

F. There are no or an insufficient number of accessible dining surfaces in the breakfast area in violation of the ADA whose remedy is readily achievable.

G. The lobby registration transaction counter is in excess of 36 inches with no lowered alternate transaction counter in violation of the ADA whose remedy is readily achievable.

The Designated Mobility Accessible Guestrooms

H. There is insufficient latch-side clearance for the entrance door to the designated accessible guestroom, in violation of the ADA whose remedy is readily achievable.

I. The door latch on the door to the designated accessible guestroom is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

J. There is insufficient maneuvering clearance around the bed, in violation of the ADA whose remedy is readily achievable.

K. Controls on the lighting in the room require tight-clasping or twisting, in violation of the ADA whose remedy is readily achievable.

L. There is insufficient maneuvering clearance to get to the curtain adjuster, in violation of the ADA whose remedy is readily achievable.

M. The curtain adjuster is installed in excess of allowable reach range and requires tight-clasping or twisting, in violation of the ADA whose remedy is readily achievable.

N. The shower diverter requires tight-clasping or twisting, in violation of the ADA whose remedy is readily achievable.

O. The faucet controls in the bathtub are not located pursuant to the code requirements, in violation of the ADA whose remedy is readily achievable.

P. The shower handheld adjustable spray units are not equipped with an on/off control and non-positive shut-off, in violation of the ADA whose remedy is readily achievable.

Q. There are non-compliant grab bars in the bathtub, in violation of the ADA whose remedy is readily achievable.

R. The flush control is not mounted on the open side of the water closet, in violation of the ADA whose remedy is readily achievable.

S. The pipes on the lavatory are not insulated to protect against contact, in violation of the ADA whose remedy is readily achievable.

T.  There are amenities mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

U.  There is no mobility accessible guestroom fitted with a roll-in shower whereas at least one is required.

V.  There are an insufficient number of designated accessible guestrooms in violation of the ADA whose remedy is readily achievable.

W.  The designated accessible guestrooms are not dispersed among the various classes of guestroom whereas, there are suites with Jacuzzi tubs but none are fitted with accessible features, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

X.  The Defendants lack or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

Y.  The Defendants charge a higher rate for the Two Queen Bed accessible guestroom than it does on the same night for a standard Two Queen Bed guestroom which constitutes an illegal surcharge in violation of the ADA whose remedy is readily achievable.

14. The discriminatory violations described in Paragraph 13 by Defendants **ATHENEON INCORPORATED** and **SHIV SHAKTI LODGING, LLC.** are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires further inspection of the Defendants' place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the

      Plaintiff requires an inspection of the Defendants' place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

15.    Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16.    The hotel at issue, as owned and operated by **SHIV SHAKTI LODGING, LLC.** and formerly owned by **ATHENEON INCORPORATED**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17.    Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18.    The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L. § 37.1301 *et seq*.

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. **SHIV SHAKTI LODGING, LLC.** and **ATHENEON INCORPORATED** either currently or formerly operate or have operated a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a) at the property subject to the Plaintiff's complaint.

22. Defendants committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Plaintiff has suffered actual discrimination by Defendants' policies and procedures which overcharge travelers and patrons with disabilities an illegal surcharge for use of mobility equipped designated accessible guestrooms.

23. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable

alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and


Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
valeriefatica@gmail.com
*Admitted to bar of the W. District of MI