UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**LELAND FOSTER**,

    Plaintiff,

v.

**SHIV SHAKTI LODGING, LLC.**, a
Michigan limited liability company

    Defendant.

Case No. 1:16-cv-1428

Judge: Janet T. Neff

---

### PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### (Class Action)

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against the Defendant **SHIV SHAKTI LODGING, LLC.** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and the Michigan Persons With Disabilities Civil Rights Act M.C.L. § 37.1301 *et seq.* ("PWDCRA") alleging as follows:

### JURISDICTION AND VENUE

1. This is an action brought by Plaintiff as a class action, on his own behalf and on behalf of others similarly situated with mobility impairments under the provisions of Rule 23 F.R.C.P., for injunctive relief and relief incident and subordinate thereto, including costs and attorneys' fees. A class represented by Plaintiff in this action, and of which Plaintiff

is a member, consists of individuals with mobility and other recognized impairment, who have used and desire to use Defendant's hotel. The exact number of members of the class, as herein above identified and described is not known. Upon information and belief, the class is so numerous that joinder of all members is impracticable. Prosecution of this matter by individual members of the class would only create a risk of inconsistent and varying adjudications and the establishment of incompatible standards by Defendant and adjudications which may be dispositive of the interests of other class members.

2. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

3. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

4. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

**PARTIES**

5. Plaintiff and class representative, LELAND FOSTER ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

6. Defendant **SHIV SHAKTI LODGING, LLC.** currently operates and owns a Travelodge Grand Rapids located at 65 28th St SW, Grand Rapids, MI 49548 in Kent County and has done so since August 13, 2015. Plaintiff has patronized Defendant's hotel and business as an overnight guest previously as a place of public accommodation.

7. Upon information and belief, the facilities owned by **SHIV SHAKTI LODGING, LLC.** is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

8. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, grasping, standing and walking, as defined by the ADA and its regulations thereto. The class consists of others who are also substantially limited in performing one or more major life activities, including but not limited to, grasping, standing and walking.

9. On or about June 10, 2016, Plaintiff visited the property that forms the basis of this

3

        lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

10.    Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community in western Michigan. Leland Foster travels to the area to participate in adaptive sporting, has friends in the area whom he socializes with regularly, and frequents many establishments in the Kent County region and has been a customer and stayed as an overnight guest at the property that forms the basis of this lawsuit.  The occasion of Plaintiff Foster's overnight stay on this date was to participate in the Diemer Run & Mobility 5k event being held locally. During the Plaintiff's stay on the night of June 10, 2016, Plaintiff encountered architectural barriers and discriminatory practices and policy at the subject property that violate the ADA, the PWDCRA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety. The discriminatory practices and policy have caused Plaintiff actual monetary damages.

11.    The Plaintiff, and others similarly situated, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and PWDCRA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff, and others similarly situated, have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA and PWDCRA by the Defendant.

12.    Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA and PWDCRA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities

without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.* and M.C.L §37.1101 *et seq*.

14. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the PWDCRA by failing to, *inter alia*, have accessible facilities and provide full and equal utilization of public accommodation under the law.

16. A preliminary inspection of **Travelodge Grand Rapids**, including its facilities and publicly available rate schedules, has shown that many violations of the ADA and PWDCRA exist. These violations which were encountered by Mr. Foster include, but are not limited to:

Accessible Routes and Parking

    A. No accessible route from the parking lot to the hotel due to cracks or changes in level in excess of ¼ inch and a route that requires patrons to dangerously pass behind other vehicle spaces, in violation of the ADA whose remedy is readily achievable.

    B. There are no van accessible designated parking spaces, in violation of the ADA whose remedy is readily achievable.

    C. The designated accessible parking spaces contain non-compliant signage, in violation of the ADA whose remedy is readily achievable.

    D. The is no required level landing at the doorway entrance to the lobby in violation of

the ADA whose remedy is readily achievable.

Access to Goods and Services

    E.  There are amenities located outside the designated accessible reach range in the breakfast dining area in violation of the ADA whose remedy is readily achievable.

    F.  There are no or an insufficient number of accessible dining surfaces in the breakfast area in violation of the ADA whose remedy is readily achievable.

    G.  The lobby registration transaction counter is in excess of 36 inches with no lowered alternate transaction counter in violation of the ADA whose remedy is readily achievable.

The Designated Mobility Accessible Guestrooms

    H.  There is insufficient latch-side clearance for the entrance door to the designated accessible guestroom, in violation of the ADA whose remedy is readily achievable.

    I.  The door latch on the door to the designated accessible guestroom is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    J.  There is insufficient maneuvering clearance around the bed, in violation of the ADA whose remedy is readily achievable.

    K.  Controls on the lighting in the room require tight-clasping or twisting, in violation of the ADA whose remedy is readily achievable.

    L.  There is insufficient maneuvering clearance to get to the curtain adjuster, in violation of the ADA whose remedy is readily achievable.

    M.  The curtain adjuster is installed in excess of allowable reach range and requires tight-clasping or twisting, in violation of the ADA whose remedy is readily achievable.

    N.  The shower diverter requires tight-clasping or twisting, in violation of the ADA whose remedy is readily achievable.

    O.  The faucet controls in the bathtub are not located pursuant to the code requirements, in violation of the ADA whose remedy is readily achievable.

    P.  The shower handheld adjustable spray units are not equipped with an on/off control and non-positive shut-off, in violation of the ADA whose remedy is readily achievable.

    Q. There are non-compliant grab bars in the bathtub, in violation of the ADA whose remedy is readily achievable.

    R. The flush control is not mounted on the open side of the water closet, in violation of the ADA whose remedy is readily achievable.

    S. The pipes on the lavatory are not insulated to protect against contact, in violation of the ADA whose remedy is readily achievable.

    T. There are amenities mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    U. There is no mobility accessible guestroom fitted with a roll-in shower whereas at least one is required.

    V. There are an insufficient number of designated accessible guestrooms in violation of the ADA whose remedy is readily achievable.

    W. The designated accessible guestrooms are not dispersed among the various classes of guestroom whereas, there are suites with Jacuzzi tubs but none are fitted with accessible features, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

    X. The Defendants lack or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA and PWDCRA whose remedy is readily achievable.

    Y. The Defendant charges a higher rate for the Two Queen Bed accessible guestroom than it does on the same night for a standard Two Queen Bed guestroom which constitutes an illegal surcharge in violation of the ADA and PWDCRA whose remedy is readily achievable.

17. The foregoing violations are also violations of the 1991 Americans with Disability Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

18. The discriminatory violations described in Paragraph 16 by Defendant **SHIV SHAKTI LODGING, LLC.** are not an exclusive list of the Defendant's ADA and PWDCRA violations. Plaintiff, and members of the class, require further inspection of the

        Defendant's place of public accommodation, business records and facilities in order document the extent of unlawful surcharges for accessible accommodations as well as to photograph and measure all of the discriminatory acts violating the ADA and PWDCRA.

19. The Plaintiff, and members of the class, have been denied access to Defendant's accommodations, the benefit of its services and activities; have been charged illegal surcharges, and have otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. The hotel at issue, as owned and operated by **SHIV SHAKTI LODGING, LLC.**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

22. Plaintiff and members of the class have been unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff, members of the class, and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including

Plaintiff.

23. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

24. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

25. The Plaintiff, and others similarly-situated, are presently without adequate remedy at law and are damaged by irreparable harm. Plaintiff reasonably anticipates that he and others will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

26. There are numerous questions of law and fact common to the class including, though not limited to, the following:

      a.      Whether Travelodge Grand Rapids is a "public accommodations" under the ADA;

      b.      Whether Travelodge Grand Rapids deny the full and equal enjoyment of their goods, services, facilities, privileges, advantages, or accommodations to people who use wheelchairs and have other disabilities, in violation of the ADA;

      c.      Whether Travelodge Grand Rapids is required by the ADA to maintain access for persons who use wheelchairs;

      d.      Whether Travelodge Grand Rapids is required by the ADA to maintain access for persons who use wheelchairs to accessible guestrooms;

      e.      Whether Travelodge Grand Rapids is required by the ADA to maintain accessible parking and public spaces; and

      f.      Whether Travelodge Grand Rapids imposes an illegal surcharge in violation of the ADA for use of accessible features.

27.    Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. Besides the individual Plaintiff's claims asserted herein, similar claims are also asserted on behalf of all other class members. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301** *et seq*.

28.    Plaintiff restates the allegations of ¶¶1-27 as if fully rewritten here.

29. **SHIV SHAKTI LODGING, LLC.** currently operates and has done so since August 13, 2015 a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a) at the property subject to the Plaintiff's complaint.

30. Defendant has committed an unlawful act pursuant to M.C.L §37.1102 and §37.1302(a) by denying Plaintiff the full and equal utilization of public accommodations without discrimination and the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.  Whereas, the Plaintiff, and all members of the class, have suffered actual discrimination and unequal treatment by Defendant's policies and procedures which overcharge travelers and patrons with disabilities an illegal surcharge over and above the standard guestroom rate of the equivalent class for use of mobility equipped designated accessible guestrooms.

31. The issue of unequal treatment and the taxing of an illegal surcharge over and above the standard guestroom rate of the equivalent class for use of mobility equipped designated accessible guestrooms is a question of law and fact common to the class.

32. Pursuant to M.C.L §37.1606, Plaintiff and members of the class are entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal utilization of its goods, services, facilities, privileges, and advantages to disabled persons. Besides the individual Plaintiff's claims asserted herein, similar claims are also asserted on behalf of all other class members.

**WHEREFORE**, Plaintiff demands,

   For **COUNT I**, an injunction requiring Defendant to make all readily achievable

alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
valeriefatica@gmail.com
*Admitted to bar of the W. District of MI